IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JEREMY EDWARD GIBSON, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 6:17-CV-38-BL |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | § § § § | |
| Defendant | § § | |

# REPORT AND RECOMMENDATION ON DEFENDANT'S UNOPPOSED MOTION TO REMAND

Before the Court is a motion to remand the case to the Social Security Administration to submit new evidence and for an ALJ to render a new decision. (Doc. 9) The motion is unopposed, and 42 U.S.C. 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security...." However, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). Therefore, the undersigned **RECOMMENDS** that Defendant's unopposed motion (Doc. 9) be **GRANTED** and the case **REMANDED** to the Administration for further proceedings.

**IT IS ORDERED** that this case is transferred to the docket of Senior United States District Judge Sam R. Cummings. After that reassignment, the undersigned may continue to exercise all powers permitted by 28 U.S.C. § 636(b) unless otherwise directed by Judge Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated January 3, 2018.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE